# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| ALLBONIE PACKNETT,<br>c/o Hilton Parker LLC<br>7658 Slate Ridge Blvd.<br>Reynoldsburg, OH 43068 | Civil Case Number:<br><br>JUDGE: |
| Plaintiff, | MAGISTRATE JUDGE: |
| v. | |
| CARMAX AUTO SUPERSTORES, INC.<br>c/o Corporation Service Company<br>1160 Dublin Road, Suite 400<br>Columbus, OH 43215 | CIVIL ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |
| STEALTH AUTO RECOVERY<br>c/o LW Equipment, LLC<br>3430 Westerville Road<br>Columbus, OH 43224 | |
| Defendants. | |

Plaintiff ALLBONIE PACKNETT ("Plaintiff"), an Ohio resident, brings this complaint by and through the undersigned attorneys, against Defendant CARMAX AUTO SUPERSTORES, INC. ("CarMax") and Defendant STEALTH AUTO RECOVERY ("Stealth Recovery") (collectively the "Defendants").

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this action after the Defendants breached the peace and wrongfully

1

repossessed her vehicle with her child inside of it, all at a time when Plaintiff was not even in default of her loan, thereby blatantly violating Ohio Rev. Code Ann. § 1309.609 and wrongfully converting her vehicle.  Plaintiff also brings a claim against Stealth Recovery for illegally repossessing her vehicle in violation of the Fair Debt Collection Practices Act (FDCPA), codified at 15 U.S.C. § 1692.

4. Plaintiff is seeking statutory damages, actual damages and punitive damages, as well as attorneys fees and costs.

## PARTIES

5. Plaintiff is a natural person and a resident of Dayton, Ohio, and is a "consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant CarMax Auto Superstores, Inc., ("CarMax"), is, and at all relevant times was, a corporation incorporated in the State of Virginia that conducts a substantial amount of business in Ohio.

7. CarMax is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

8. Defendant Stealth Auto Recovery ("Stealth Recovery"), is a repossession company, with its principal place of business in Dayton, Ohio.

9. Defendant Stealth Recovery is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

10. For purposes of Plaintiff's claims under 15 U.S.C. § 1692f(6), Defendant Stealth Recovery is a "debt collector," as defined in the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

11. Plaintiff repeats, reiterates and incorporates the allegations contained in the above

paragraphs with the same force and effect as if the same were set forth at length herein.

12. The Plaintiff owns a 2020 GMC Acadia (the "Vehicle"), which she financed with a loan through Defendant CarMax.

13. At some point, however, Plaintiff fell behind on her payments.

14. However, Plaintiff then caught up on those payments and – to the best of her knowledge – was not behind on her loan at the time of the subject repossession in this case.

15. Nevertheless, CarMax still (and mistakenly) asserted that the Plaintiff was behind on her auto loan.

16. The money allegedly owed on the CarMax loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

17. At some point prior to June 18, 2025, CarMax contracted with Stealth Recovery – either directly or through a middleman company, known in the repossession industry as a "forwarder" - to repossess Plaintiff's vehicle.

18. At approximately 10:00 a.m. on June 18, 2025, a tow truck driver – identified as an employee of Stealth Recovery ("Defendants' Repossession Agent") – arrived at Plaintiff's apartment complex and attempted to repossess the Vehicle, which was parked in the parking lot.

19. Plaintiff immediately confronted Defendants' Repossession Agent and objected to the repossession.

20. Plaintiff further advised Defendants' Repossession Agent that she had made her required payments to CarMax several days earlier and attempted to show this individual the proof of the payments, but Defendants' Repossession Agent ignored her and insisted on repossessing the Vehicle.

21. Despite the Plaintiff not being behind on her loan, and despite the Plaintiff actively protesting the repossession, Defendants' Repossession Agent continued to repossess the Vehicle.

22. Defendants' Repossession Agent then towed the Vehicle while it was occupied by Plaintiff's minor children.

23. Plaintiff pursued Defendants' Repossession Agent using her daughter's vehicle for about five (5) miles.

24. Plaintiff subsequently contacted law enforcement.

25. Responding officers intervened so that the Plaintiff's children could exit the Vehicle.

26. When Plaintiff called CarMax to report the incident, CarMax acknowledged that the repossession had been conducted in error, apologized to Plaintiff, and stated they would instruct Defendants' Repossession Agent to return the Vehicle.

27. Despite these instructions, Defendants' Repossession Agent took the Vehicle to a lot and prevented Plaintiff from regaining possession until later that day.

28. As a result of the Defendants' illegal actions, the Plaintiff wasted hours attempting to regain possession of the Vehicle and was deprived of her vehicle and possessions for a period of time. Plaintiff was forced to miss work as she had lost her means of transportation.

29. Plaintiff further suffered anger, fear for the safety of her minor children, annoyance, frustration, embarrassment and emotional distress as a result of the Defendants' illegal actions.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***
**(Against Stealth Recovery)**

30. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

31. Plaintiff brings this Count against Defendant Stealth Recovery.

32. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

33. Section 1692f(6) of the FDCPA prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

    (A)    there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

    (C)    the property is exempt by law from such dispossession or disablement.

34. Under O.R.C. § 1309.609, a secured party may take possession of collateral after default, without judicial process, **only** if the repossession proceeds without a breach of the peace.

35. However, a secured creditor has no right to retake possession of the collateral unless there is a <u>default</u> – which there wasn't here.

36. Moreover, at the time of the attempted repossession and disablement, the Plaintiff clearly was actively protesting the repossession and Plaintiff's minor children were in the Vehicle, preventing the Defendant from repossessing the Vehicle without resorting to a breach of the peace.

37. As a result, the Defendant did not have the present right to possession of the Plaintiff's vehicle when they attempted to repossess it and was prohibited from repossessing it.

38. Further, after committing their breach of the peace during their attempt to repossess the Plaintiff's vehicle, Plaintiff's vehicle was also clearly exempt from repossession.

39. As a result, the Defendant violated 15 USC § 1692f(6) when they attempted to repossess

the Plaintiff's vehicle on June 18, 2025. *See, Ford Motor Credit Co. v. Ryan*, 189 Ohio App. 3d 560, 605 (2010).

40. By attempting to illegally repossess the Plaintiff's vehicle in violation of the FDCPA – and by subsequently illegally repossessing the Vehicle - Defendant harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving the Plaintiff of the use of her vehicle and the possessions contained therein, and by subjecting her to unfair and unconscionable means to collect a debt.

41. Defendant's illegal activity also harmed the Plaintiff by causing her to miss work and subjected her to fear for the safety of her minor children, anger, anxiety, wasted time, emotional distress, frustration and embarrassment.

42. By reason thereof, Defendant Stealth Recovery is liable to the Plaintiff for judgment that Defendant's conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

<u>**COUNT II**</u>

**UNLAWFUL BREACH OF THE PEACE**
**O.R.C. § 1309.609 *et seq.***
**(Against All Defendants)**

43. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44. Plaintiff brings this Count against all Defendants.

45. Ohio law prohibits non judicial or "self help" repossession of consumer motor vehicles in the absence of a default by the debtor. O.R.C. § 1309.609.

46. Ohio law further prohibits non judicial or "self help" repossession of consumer motor vehicles if such repossession involves a breach of the peace. O.R.C. § 1309.609(B)(2).

47. A secured creditor's duty to repossess without breach of the peace is non delegable, and it is liable even if the peace is breached by an independent contractor. *Ford Motor Credit Co. v. Ryan*, 189 Ohio App. 3d 560, 605 (2010) ("Because statutory duties are nondelegable, the secured party who must meet the duty is responsible for the actions of the independent contractor hired to carry out the duty").

48. On or about June 18, 2025, Plaintiff was not in default of her auto loan, but the Defendants nevertheless retook the collateral – her vehicle – without having any right to that vehicle.

49. On or about June 18, 2025, Defendants further breached the peace when they repossessed the Plaintiff's vehicle by failing to stop the repossession in the face of Plaintiff's unequivocal protests and by towing the Vehicle while it was occupied.

50. As a result, the Defendants violated O.R.C. § 1309.609(B)(2) when they repossessed the Plaintiff's vehicle on June 18, 2025.

51. By attempting to illegally repossess the Plaintiff's vehicle on June 18, 2025, and by subsequently illegally repossessing that vehicle, in violation of O.R.C. § 1309.609, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving Plaintiff of the use of her vehicle and the possessions contained therein, and by subjecting her to unfair and unconscionable means to collect a debt.

52. Defendants' illegal activity also harmed the Plaintiff by causing her to miss work and causing her to suffer fear for the safety of her minor children, anger, anxiety, wasted time, emotional distress, frustration and embarrassment.

53. By reason thereof, Defendants CarMax and Stealth Recovery are also liable to the Plaintiff for judgment that Defendants' conduct violated O.R.C. § 1309.609, statutory damages, punitive damages, actual damages, costs and attorneys' fees.

## COUNT III

### WRONGFUL REPOSSESSION
### (Against All Defendants)

54. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

55. Plaintiff brings this Count against Defendants CarMax and Stealth Recovery.

56. Ohio law does not permit non judicial or "self help" repossession of consumer motor vehicles in the absence of a default by the debtor. O.R.C. § 1309.609.

57. Ohio law further does not permit non judicial or "self help" repossession of consumer motor vehicles if such repossession involves a breach of the peace. O.R.C. Ann. § 1309.609(B)(2).

58. A secured creditor's duty to repossess without breach of the peace is non delegable, and it is liable even if the peace is breached by an independent contractor. *Ford Motor Credit Co. v. Ryan*, 189 Ohio App. 3d 560, 605 (2010) ("Because statutory duties are nondelegable, the secured party who must meet the duty is responsible for the actions of the independent contractor hired to carry out the duty").

59. On or about June 18, 2025, Plaintiff was not in default of her auto loan, but the Defendants nevertheless retook the collateral – her vehicle – without having any right to that vehicle.

60. On or about June 18, 2025, Defendants further breached the peace when they repossessed the Plaintiff's vehicle by failing to stop the repossession in the face of the Plaintiff's unequivocal protests and by towing the Vehicle while it was occupied.

61. As a result, the Defendants violated O.R.C. § 1309.609(B)(2) when they attempted to repossess the Plaintiff's vehicle on June 18, 2025.

62. By breaching the peace in attempting to repossess the Plaintiff's vehicle on June 18, 2025, the Defendants committed the tort of wrongful repossession.

63. By wrongfully repossessing the Plaintiff's vehicle, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving Plaintiff of the use of her vehicle and the possessions contained therein, and by subjecting her to unfair and unconscionable means to collect a debt.

64. Defendants' illegal activity also harmed the Plaintiff by causing her to miss work and causing her to suffer fear for the safety of her minor children, anger, anxiety, wasted time, emotional distress, frustration and embarrassment.

65. By reason thereof, Defendants CarMax and Stealth Recovery are also liable to the Plaintiff for judgment that Defendants attempted to wrongfully repossess the Plaintiff's vehicle, statutory damages, punitive, actual damages, costs and attorneys' fees.

## COUNT IV
### CONVERSION
**(Against All Defendants)**

66. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

9

67. Plaintiff brings this Count against Defendants CarMax and Stealth Recovery.

68. As set forth above, the Defendants wrongfully repossessed the Plaintiff's vehicle even though they had no present right to possession of that vehicle and Plaintiff was instead entitled to the present use of her own vehicle.

69. The Defendants then held Plaintiff's vehicle for a period of time, thereby exercising control over the Plaintiff's property and the possessions contained therein.

70. Defendants' conversion of Plaintiff's vehicle harmed Plaintiff, by literally stealing and holding her vehicle and the possessions contained therein. Defendants further harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving Plaintiff of the use of her vehicle, in causing Plaintiff to waste hours in trying to recover her vehicle, and by subjecting her to unfair and unconscionable means to collect a debt.

71. Defendants' illegal activity also harmed the Plaintiff by causing her to miss work and suffer fear for the safety of her minor children, anger, anxiety, wasted time, emotional distress, frustration and embarrassment.

72. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant wrongfully converted the Plaintiff's vehicle and personal possessions, actual damages, punitive damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

73. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    awarding Plaintiff her actual damages incurred;

(b)    awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c)    awarding the Plaintiff punitive damages;

(d)    Awarding pre-judgment interest and post-judgment interest; and

(e)    Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: October 30, 2025

/s/ Jonathan L. Hilton
Jonathan L. Hilton, Esq.
Hilton Parker LLC
7658 Slate Ridge Blvd.
Reynoldsburg, OH 43068
(614) 992-2277
jhilton@hiltonparker.com
*Attorneys for Plaintiff*

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
Pro Hac Vice Motion Forthcoming
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
yzelman@marcuszelman.com
*Attorneys for Plaintiff*